I would like to start with the uncertified issue that I thank you for granting. I think the double jeopardy issue is obviously the most interesting one. That's where you're going. But the questions that I would like you to go to, and going back to the record, how did you preserve this from the standpoint that it appears that when it was first raised, it came up in a reply brief, and it came up in the context of the due process argument, as opposed to the double jeopardy and the collateral estoppel issue? And so I'm just not sure anyone's really ever been allowed to address this, it would be. And then when it came in at the trial, there was an objection for the due process. But once that happened, then there wasn't any objection about the collateral estoppel. So the court wasn't allowed to respond to that particular objection. So I've got a problem with the record on this here. Well, in response to that, let me start with the California Supreme Court. Because at that point, I believe the attorney below had raised a specific double jeopardy argument. Now, in the last of the papers. Was it in the reply brief? It is in the reply brief. It is in the provision for your. In the context of the due process argument? No, it isn't. It's in the record, I believe, in ER 147, where he says, and what about the Fifth Amendment protection document? Okay, and what about? But how's the collateral estoppel argument advanced there? It's only that brief mention, Your Honor. I admit that. But in the Supreme Court. Well, what about the Fifth Amendment? I mean, what about double jeopardy? It's a hard way to respond to that issue. He does bring it up there. And he does bring it up in the petition for hearing much clearer. What I'm trying to get at is the Attorney General's point that the. . . I agree it's there. It's there. Is it there the way that we're looking at it right now? Does he cite Ashby Swenson? He does not. But he does cite the correct Fifth Amendment protection and the correct name for it. And I think the onus is then on the California courts to correctly apply U.S. Supreme Court law on that point. Isn't that the flip side of why we do give deference to them, that they're presumed to correctly look at the U.S. Supreme Court law on double jeopardy and apply it? Now, the attorney below did give both courts the opportunity to rule on this issue. Neither court said the issue was procedurally defaulted. The California Supreme Court just has the postcard denial. It doesn't cite any procedural default. And they often do that, you know, for example, in cases of Henry Dixon where they find a default in some matters. The attorney general says that because it wasn't presented that you can presume that they didn't review it. Just looking at the rule she cited, which I believe is California Rule 28, just looking at it, the first case I came across was a case, People v. Randall, a California Supreme Court case where the attorney general was on the opposite side of this issue and was arguing, you know, we didn't raise this issue below, but you have authority since you're the California Supreme Court under Rules 28 and 29 to review an issue for the first time here. And the California Supreme Court agreed. That's People v. Randall at 35 Cal 4th 997, where they said, although generally they won't review a case for the first time on appeal, however, and I'm quoting, in a number of cases this court has decided issues raised for the first time before us where those issues were pure questions of law, which this is, were not turning upon disputed facts, and I believe it is undisputed about the prior acquittal in the first case on the rape charge, and are pertinent to the proposition of law. Well, the issue, the way it initially presented, he has a first trial, and he's found not guilty on the rape. Right. But he's found not guilty because there was only hearsay testimony. Now, rape and having sexual, the crime of having sexual intercourse with someone under 14 doesn't have to be a rape to be a crime. And then, and so, I mean, rape obviously involves against a person's will or by force or fear or any number of things without their consent. So they're not exactly, they're not really the same crime. And so it's not really by virtue of when the due process argument falls, when the court says, no, you had notice, you had notice of, that they were, you know, of this sexual intercourse and all of that. Then when they presented, there's no objection there at that point saying, okay, look, he was acquitted of rape. So, therefore, that acquittal must mean that, therefore, you can't put anything in about the sexual intercourse. And so even though they're separate crimes, the court doesn't hash it out there, so we have nothing in the record here. And so the first time that we ever really talk about any of it is here. Well, first of all, going back to your first point. I mean, if they had talked about it, you know, as a trial judge, putting myself in that position, if that issue were presented squarely in front of me, it's like, okay, that is different than just double jeopardy in the due process context. It's like, okay, I have to decide what really happened in that prior proceeding. What can you bring in? And then you're trying that for, then you have the three crimes that could constitute, and now you can argue, well, we don't know, even though there were 30 crimes supposedly that happened, we don't really know which one, you know, whether they considered the sexual intercourse. Well, you're on a couple things. One, I'll have to double check the record, but I don't believe we have the rape charge here. I believe there's no rape charge. I believe it's a statutory rape. And there's no way to tell from the facts what reason the trial judge had for quitting on the first charge. It's just an absolute bar for the second. But statutory rape is what under someone under 18. Doesn't 288.5 require someone to be under 14? Yeah, I think it does. Anyway, I'm not clear. I'd have to double check that. But in going through the first part, though, again, there's no way to decide now what was the basis for the acquittal of the first trial. It's just a general acquittal, and that's expected. Well, except for that it said it was because it was hearsay. You obviously can't, because apparently only her little friend said, she told me I was raped, right? That's the evidence. And so. But under California law, that could be a sufficient basis to support a conviction, couldn't it? A prior statement by the victim. Again, I just don't see how we can narrow that decision and then allow the evidence in later when, under Ashley Swenson, this seems to be exactly what Ash is protecting against. It's a general verdict. It's a general verdict. Under the Attorney General's position here, a case like this, a person could be acquitted of three or four substantive sexual acts, all four charges and information acquitted. The State can then file a, what is this, a 288.5, this continuing sexual offense, and bring in all four of those again and have a second shot. It seems to be exactly, exactly what Ashley Swenson is going against. And the attorney below did bring up these points, and it just seems, even to the U.S. District Court, no one considered that collateral estoppel is part of double jeopardy. It just seems a completely unreasonable application of double jeopardy. Okay, since no one considered that, should that go back to the District Court to consider it in the first instance? No, I don't think so here because it's such a clear violation. You look at this de novo. I guess, call me stupid if it's not so clear. But it's, I mean, it's not, it would be a whole lot clearer if it had been litigated all along the way. Well, yes, but it seems like the California Supreme Court just didn't consider this issue, so there is unreasonable. I mean, they didn't think of it in the trial court. They didn't think of it in the appellate court. They didn't think of it in the District Court. So this is the first time that we're talking about it. Shouldn't courts have considered it? Ashley Swenson has been around for a long time. Well, a lot of people missed it here. Well, I hope you don't. If you have any other questions, I'll reserve the rest of my time. Okay, thank you. May it please the Court, Nanette Winnicke for Respondent. I would like to address first the point that Your Honor made. Now, I think you kind of missed the boat on waiver because it was in the reply brief. They do say, what about double jeopardy there? You basically said they never mentioned it at all. Well, Your Honor. I mean, I did find it there. I think the fact that what counsel was talking about is there are two issues. One is raising it, and the other is whether the court considered it. When we're talking about procedural default, we're talking about procedural default with regard to the double jeopardy claim. Well, what I understand is in the supplemental briefing, you claim the defendant didn't present the double jeopardy claim to the California court of appeals. But before the federal district court. In your answer to the order to show cause, you represented that Petitioner exhausted his claims in state court. How can you reconcile these two positions? Well, in state court, Petitioner used the word jeopardy, I believe, in one of the claims. I believe it was a due process claim. He made a claim in giving the benefit of the doubt to Petitioner because he used the word jeopardy. We never raised the exhaustion issue. However, while the exhaustion issue and the procedural default issue are closely related, the fact that the California Supreme Court, based on its own rule and case law in People v. Cookson, which we cited in our brief, the fact that the court never considered the issue  So I'm not sure I understand. Does that answer your question, Your Honor, or? Well, I'm not sure I understand your answer. You're separating out procedural default from exhaustion. Yes. All right. You concede that the government said that Petitioner exhausted his claims in state court. Yes. Well, I believe that. Okay. If you give him in the reply brief, he raises double jeopardy in the context of due process. So you're saying that that exhausts double jeopardy in the context of collateral estoppel, too? No. Well, we didn't address the collateral estoppel issue. But I guess I'm separating out exhaustion and procedural default. But collateral estoppel seems to be the important issue here at this point. Well, yes. And I guess what's happening is because maybe having given the petitioner the benefit of the doubt as regarding the exhaustion issue, our position is that it does not necessarily preclude us from making the procedural default issue. They're not necessarily one and the same. Where did you raise the collateral estoppel issue? We raised it in the federal district court. In your briefs? Yes, I believe we did. And the court basically reiterated our point and then moved on. They didn't necessarily rule on it. It seemed to me that the district court was applying the Blockberger test, which is a general double jeopardy test, and did not deal with the collateral estoppel as part of double jeopardy. Am I incorrect? Well, I think I actually have it right here. And I believe they did make one statement and then moved on. I don't know that I can find it that quickly. But, yes, actually, right here. Respondent submits that inasmuch as Petitioner failed to raise this claim in the State Court of Appeal, it should not be considered by this Court. Respondent further contends that Petitioner's argument is misplaced. And then the Court goes on to rule under Blockberger that there's no jeopardy test. Well, dealing with Blockberger, as I said, but not dealing with collateral estoppel is part of double jeopardy. Oh, I'm sorry. I guess maybe I was conflating the two. When I responded to your question. Okay. No, the collateral estoppel. Yes. It seems to me that in dealing with Blockberger, you dealt with collateral estoppel. And my question was where, anywhere did you deal with the issue of collateral estoppel? No, that wasn't dealt with. I'm sorry. I was merging the two. That's what I presumed. And I do want to make the point, Your Honor, you discussed the fact that everybody missed this, that nobody talked about it in the trial court. And I think that that's a clear indication that the defendant was not surprised by this evidence at all. The defendant makes much of the fact that he was surprised by this at trial and couldn't adequately defend against it. But I think that the fact that he did not object against it in the trial court indicates that he wasn't surprised. And as noted in our brief, I mean, there was no issue of inadequate defense. Anna, I don't think I'm following you here. You're going back to the certified issue. We were talking about the certified. Well, that's the you're on the due process issue here. But I don't see how the fact that you don't object doesn't mean you're not surprised. How do I make that? Well, his claim was that he was surprised by the fact that they raised evidence of the sexual intercourse at the second trial. If that is true, when the evidence was presented at trial, he would have presumably made an objection. Nothing was ever discussed about the issue. Well, he didn't raise the collateral estoppel there. I did that. I concede there. But he did, he objected from a due process standpoint, saying you can't bring the rape up because, you know, I haven't had adequate notice. But he didn't say once the court ruled against him on the due process. He never said, okay, second issue, I was found not guilty here, and therefore all of the facts here should not be a part of the second trial because they're, you know. I mean, then they become merged into this verdict where you have all of these acts that are testified to between the two young women, but you also have that sexual intercourse. And I don't know how you can pull that out of the verdict and say, because the instruction says the jury doesn't need to say, they don't need to agree on any, they just have to agree that three acts occurred during that period of time. They don't have to say which three acts. And in that they have, what, 30 acts of touching an oral cop or something and the sexual intercourse. That's correct, Your Honor. But if we're staying on the due process issue, I think, again, it goes back to the fact that there's a continuous course of conduct defense. And I think that's the core of this issue. I mean, there's no requirement under Federal law that a defendant be apprised of specific notice of each of the. . . Well, let's assume I agree with you on the due process argument. And it still doesn't deal with the collateral estoppel argument. I understand. I believe I. . . That's where I'm struggling. I'm not struggling on the due process. I'm struggling on the collateral estoppel. And the government isn't helping here. Right. I'm sorry. And that wasn't raised earlier. What I can say is that if you. . . Well, let me say, okay, let's say if it wasn't raised and the district court didn't deal with it, should it go back to the district court to deal with that issue? I believe that that probably would. . . The appellant said no. What's your answer? Well, my first thing would be that because we didn't respond to this in the briefs, that we'd be given the opportunity to do so in a supplemental brief, maybe in the next week, so that we can address the issue. My apologies for not addressing it in the briefs up to this point. But aside from that, if this Court is interested in the collateral estoppel issue and. . . Oh, we're pretty interested. Yes. I think you can tell. Yes, I can see that. Then aside from the chance to brief that in the next week or so, I would say that this would have to go back so that we can address the issue, unless there's no reason to believe that this Court would like to address it in the first instance. I believe the district court should have that opportunity. Rita, do you have any questions? All right. We don't have any additional questions. Thank you. If we desire supplemental briefing, we'll notify the parties. Thank you. Go ahead. Just a few points. One, it was my impression that the Court did issue an order asking for supplemental briefing from the Attorney General on this very issue. There were two parts to your question. One, was it exhausted? And two, should it be reversed? Second, just picking on something Your Honor said for this, whether you can pull it out of the verdict. I believe that's controlled, as I briefed, by Laura and the Supreme Court cases it cited. And I would point out again, this California statute, you don't even need 12 jurors agreeing that the rape occurred for it to be part of the verdict. One juror can say, I'm going to find the rape to be 103X. Right. I'll just leave it at that. I think that's where, if you get to that point, I don't think you can tell, you can say that one juror didn't. And my final point briefly is, in support of my position that you should just decide, is that you do review this legal issue as de novo, and I believe this is a pure legal issue. I'll submit it on that. All right. Thank you. This matter stands submitted. The Court's just going to take a five-minute recess, then we'll reconvene. Thank you.
judges: Goodwin, D.W. Nelson, Callahan